IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.: 14-cv-01889-RPM

RADIANT CHURCH ASSEMBLY OF GOD, a Colorado non-profit corporation,

v.

Defendant:
GUIDEONE MUTUAL INSURANCE COMPANY, an Iowa corporation.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

Brandee B. Bower
Merlin Law Group
999 18th Street, Suite 3000
Denver, CO 80202
Tel: 303.357.2374
Fax: 303.357.2377
bbower@merlinlawgroup.com

Attorneys for Plaintiff

GuideOne Mutual Insurance Company
Laurie J. Wiedenhoff
PO Box 14503
Des Moines, IA 50306-3503
Phone: 515-267-5210
Fax: 515-267-5431
lwiedenhoff@guideone.com

and

RUEBEL& QUILLEN, LLC
Jeffrey C. Ruebel
Casey A. Quillen

T0891925.DOC;1

9191 Sheridan Blvd., Ste 205
Westminster, Colorado 80031
Phone: 888-989-1777
Fax: 303-362-5724
jeffrey@rq-law.com
casey@rq-law.com

*Attorneys for Defendant*

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiff and Defendant, and the Plaintiff alleges that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action was removed from state court to the United States District Court for Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff(s)*: Plaintiff has filed suit based upon breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 and bad faith breach of insurance contract and breach of the covenant of good faith. Plaintiff alleges that Defendant has refused to provide covered benefits to the insured Plaintiff based upon Defendant's interpretation of its contract and wrongful investigation. This matter stems from wind and hail storm damage done to Plaintiff's property on June 7, 2012. Plaintiff had a replacement cost value policy and made a claim for covered benefits. This claim went through the Appraisal process and an Award was issued on August 8, 2014 and signed by the Umpire and both Appraisers. The Award was for an RCV amount of $576, 430.74. This has not been paid by Defendant.

b. *Defendant(s)*: On August 25, GuideOne received a copy of the appraisal award entered by the three appraisers in this matter. GuideOne takes the position that this is determinative of the AMOUNT of damages, but that it is not determinative of issues of coverage for the damages awarded. GuideOne is reviewing the award to assess what damages are covered under the property policy and whether a judicial determination will be sought as to damages which may not be covered. An amendment to its Answer may be necessary to assert a declaratory claim seeking an interpretation of the policy and a determination of the parties' entitlements and obligations under the insurance contract.

It is presumed by GuideOne that the Plaintiff will continue to pursue its claims for statutory relief and damages, as well as for common law bad faith. GuideOne generally denies that it unreasonably delayed handling and adjusting the Plaintiff's claim, and also denies that it acted below the applicable standard of care in its investigation and adjusting of the losses claimed by the Plaintiff, including by utilizing the appraisal process provided for in the policy.

GuideOne also states that the delay of the appraisers in reaching an award is not properly attributable to GuideOne. GuideOne will raise the defense of whether Plaintiff properly protected its property; whether its actions in repairing the property was unnecessary and a betterment of the property that is not covered; and whether the Plaintiff breached the insurance contract, thereby excusing some or all of GuideOne's duties and obligations under the policy.

c. *Other Parties*: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed by the Plaintiff:

1. Radiant sought and obtained a Commercial Property Insurance Policy, Policy No. 1284-772 (the "Policy") for their property. The Policy period was from October 26, 2011 to October 26, 2012. Radiant invested in this insurance product and service from GuideOne for coverage intended to protect the insured property from certain property and casualty perils.

2. The Policy is a replacement cost value policy and covers loss to the Insured Property.

3. In exchange for the premiums paid by Radiant, GuideOne promised to perform according to the terms and provisions of the Policy.

4. On or about June 7, 2012, during the Policy period, a wind and hail storm ("storm") occurred at/near the insured property resulting in significant damage to the property.

5. The damage from the storm constituted a covered loss under the GuideOne's Policy.

6. Radiant timely reported the covered loss and damage to GuideOne and made a claim for the loss and damage to their property.

7. Radiant hired an independent appraiser, Judah Bensusan with Atlantis Claims Services, LLC, to assist in handling this claim.

8. Robert Brady of Brady Contracting and Consulting, Inc. was GuideOne's independent appraiser assigned to handle this claim.

9. Judge David Lee Shakes appointed Paul Middleton as the Umpire in this matter.

The following facts are undisputed by Defendant:

1. Plaintiff sustained weather related damage to property it owned on June 7, 2012.

2. The parties could not agree as to the amount of the damages alleged to have been sustained as a result of the storm.

3. Each party selected an appraiser, and on March 17, 2014, a state district court appointed an umpire pursuant to the terms of the insurance policy.
T0891925.DOC;1

4.  On August 8, 2014, the umpire signed an appraisal award, which was signed on August 10, 2014 by the appraiser selected by GuideOne.

5.  The amount of the appraisal award was $509,938.95, subject to all the terms, conditions and exclusions of the policy and without consideration of any deductibles or prior payments made.

### 5. COMPUTATION OF DAMAGES

*Plaintiff:* Plaintiff claims all outstanding damages due to the wind and hail storm plus statutory damages, punitive damages, attorney fees, costs, interest and what other and further relief as the Court deems just and proper.

*Defendant*: Seeking no damages.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. August 1, 2014

b. Names of each participant and party he/she represented.

Brandee Bower for the Plaintiff.
Jeffrey Ruebel for the Defendant.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

d. Statement as to when Rule 26(a)(1) disclosures were made.

August 22, 2014.

**e. Statement concerning any agreements to conduct informal discovery.**

Plaintiff: None.

Defendant: The appraisal award was only recently [August 25, 2014] provided to GuideOne. As this changes the issues to be resolved in this action, the parties have not yet reached any agreement to informally conduct joint interviews with witnesses. Given that many witnesses are out-of-state, it is uncertain whether such a procedure will be employed. Counsel intend to conduct necessary discovery, in the most efficient way practicable.

**f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information.**

Counsels for the parties have disclosed copies of all electronically stored information.

The parties anticipate that their claims and defenses will involve a minimal amount of electronically stored information. The parties have taken the following steps to preserve the electronically stored information: (a) Plaintiffs represent that they may have emails or electronically stored information relevant to their claims, and agree to preserve each and every electronic storage device in their possession; (b) Plaintiffs are locating and securing relevant paper and electronic files; (c) Defendant has taken steps to preserve relevant electronic files; and (d) Defendant is locating and securing relevant paper and electronic files.

### 7. CASE PLAN AND SCHEDULE

**a. The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.**

**b. Discovery Cut-Off:** April 6, 2015

**c. Dispositive Motion Deadline:** May 6, 2015

**d. Expert witness Disclosures:**

(1) Plaintiff is considering experts in fields relating to insurance claims practice, bad faith and construction. Plaintiff may designate expert witnesses in additional fields as discovery in this case progresses.

GuideOne would anticipate retaining rebuttal experts. Based on the Complaint, GuideOne anticipates it would submit rebuttal expert reports on the issue of insurance claim handling; and on breach of the duty of good faith and fair dealing.

(2) Limitation on the number of expert witnesses. Plaintiff suggests unlimited, Defendant suggest three as listed above.

(3) The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 6, 2015.

(4) The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 6, 2015.

(5) Any rebuttal opinions will be exchanged on or before March 20, 2015.

(6) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**e. Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Corporate Representative of | TBD | TBD | 7 hours |

| Plaintiff | | | |
|---|---|---|---|
| Corporate Representative of Defendant | TBD | TBD | 7 hours |
| Other fact and expert witnesses that are found through discovery | TBD | TBD | 7 hours |

The parties may identify and take additional depositions after discovery has progressed in this matter.

**f. Interrogatory Schedule:**

All interrogatories shall be served no later than February 1, 2015. Parties shall be governed by Rule 33 and respond to Interrogatories within 30 days after being served, pursuant to Fed. R. Civ. P. 33.

**g. Schedule for Request for Production of Documents:**

All requests for production of documents shall be governed by the presumptive rules and Requests shall be served no later than February 1, 2015. Parties shall respond to Requests for Production of Documents within 30 days after being served, pursuant to Fed. R. Civ. P. 34.

**h. Discovery Limitations:**

(1). Any limits which any party wishes to propose on the number of depositions.

Plaintiff: Seven lay witnesses, plus experts.

Defendant: Five lay witnesses per party.

(2). Any limits which any party wishes to propose on the length of depositions.

The parties agree that each deposition shall be limited to one (1) day of seven (7) hours, as set forth in Fed. R. Civ. P. 30(d)(1).

(3). Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

Beyond the dispute as to number of lay witnesses set forth in h (1), above, the parties agree to the limitations on discovery specified in the Federal Rules of Civil Procedure.

(4). Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

The parties agree to the limitations on written discovery specified in FRCP 33. GuideOne believes that a limitation on depositions of five per party is appropriate as opposed to the limitations contained in FRCP 30(a)(2)(A). Plaintiff requests seven depositions per party plus parties, plus experts.

i. **Other Planning or Discovery Orders:**

Plaintiff: None.

Defendant: GuideOne would indicate to the Court that in other litigated matters, the courts were asked to determine whether an appraisal award was an arbitration award under the Federal Arbitration Act; and the effect of the appraisal award on the continuing proceedings. Counsel have yet to discuss this issue but counsel wanted to indicate to the Court that this issue may need to be briefed. Given its possible significance on the continuing proceedings, counsel would seek the Court's input on whether that issue should be addresses as prior to discovery commencing or whether the Court considers such a motion more appropriately as a dispositive motion.

## 8. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

The differing position on issues addressed by this Scheduling Order are set forth in each section in which a difference exists. Specifically, Defendant had proposed a shorter discovery period but, if approved by the Court, will agree to the timeframes proposed herein. Also, the Undisputed Facts are in dispute; and as set forth in Section 7 d (2), the number of experts is not agreed upon. Finally, Defendant raises the issue set forth in Section 8 (i) as an issue on which guidance of the Court is sought.

b. Anticipated length of trial and whether trial is to the court or jury.

4 day jury trial

### 9. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that the Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 3rd day of September, 2014.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

s/Brandee B. Bower
Brandee B. Bower
999 18th Street, Suite 3000
Denver, CO 80202
Telephone: 303-357-2374
Fax: 303-357-2377
bbower@merlinlawgroup.com

*Attorney for Plaintiff Radiant Church Assembly Of God*

RUEBEL & QUILLEN, LLC
Jeffrey C. Ruebel, #13445
Casey A. Quillen, #35753
9191 Sheridan Blvd., Ste 205
Westminster, Colorado 80031
Phone: 888-989-1777
jeffrey@rq-law.com
casey@rq-law.com

and

T0891925.DOC;1

GuideOne Mutual Insurance Company
Laurie J. Wiedenhoff
PO Box 14503
Des Moines, IA 50306-3503
Phone: 515-267-5210
Fax: 515-267-5431
lwiedenhoff@guideone.com

*Attorneys for Defendant GuideOne Mutual Insurance Company*

T0891925.DOC;1